# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

Case No.        -Civ-

FRANCIS HOWARD, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

VS.

JURY TRIAL DEMANDED

CHANTICLEER HOLDINGS, INC., MICHAEL D. PRUITT, ERIC S. LEDERER, MICHAEL CARROLL, PAUL I. MOSKOWITZ, KEITH JOHNSON, MERRIMAN CAPITAL, INC., DAWSON JAMES SECURITIES, INC., CREASON & ASSOCIATES P.L.L.C.

Defendants.

## CLASS ACTION COMPLAINT FOR VIOLATIONS
## OF THE FEDERAL SECURITIES LAWS

Plaintiff Francis Howard ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the public documents and announcements issued by Chanticleer Holdings, Inc. ("Chanticleer" or the "Company"), filings with the Securities and Exchange Commission ("SEC"), wire and press releases published by and regarding the Company, securities analysts' reports and advisories about the Company, and other information

1

readily obtainable on the Internet.

## NATURE OF THE ACTION

1.      This is a federal class action brought individually and on behalf of all other persons and entities who purchased or otherwise acquired Chanticleer Units pursuant or traceable to the Company's public offering, which commenced on or about June 21, 2012   (the "Offering"), including those who purchased or otherwise acquired Chanticleer common stock and Units between June 21, 2012 and September 10, 2012, inclusive (the "Class Period"); seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims alleged herein arise under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o, and the rules and regulations of the SEC promulgated thereunder.

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v, and §28 U.S.C. § 1391(b).

5.      In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff purchased Chanticleer Units, as set forth in the accompanying certification, which is incorporated by reference herein, and has been damaged thereby. Plaintiff

purchased shares pursuant to the Offering's Statement and Prospectus.  Each unit consisted of a share of Chanticleer stock and a warrant to purchase one share of Chanticleer stock for $5.00

7.      Defendant Chanticleer is a Delaware corporation and maintains its principal executive offices in Charlotte, NC 28277.  Chanticleer owns and operates Hooters franchises in international markets. As of August 28, 2012, the company franchised and operated 5 Hooters franchise -- four in South Africa, and one in Australia.

8.      The Company's stock trades on the Nasdaq under the ticker symbol "HOTR".

9.      Defendant Michael D. Pruitt ("Pruitt") has served as President, Chief Executive Officer ("CEO") and Director of Chanticleer since June 2005. Mr. Pruitt signed the Registration Statement for the Company's PO.

10.     Defendant Eric S. Lederer ("Lederer") joined Chanticleer in February 2011 and has been serving as the Company's Chief Financial Officer ("CFO") since June 2012. Mr. Lederer signed the Registration Statement for the Company's PO.

11.     Defendant Michael Carroll ("Carroll") has been a Director of the Company since June 2005. He is also a member of the Audit, Nominating and Compensation Committees. Mr. Carroll signed the Registration Statement for the Company's PO.

12.     Defendant Paul I. Moskowitz ("Moskowitz") has been a Director of the Company since April 2007. He is also a member of the Compensation and Nominating Committees.

13.     Defendant Keith Johnson ("Johnson") has been a Director of the Company since November 2009. He is also the head of the Company's Audit Committee.

14.     Defendants Pruitt, Lederer, Carroll, Moskowitz and Johnson are collectively referred to herein as the "Individual Defendants."

15.     Defendant Merriman Capital, Inc. ("Merriman") was the lead book-running manager and underwriter of the Company's Offering.  Merriman was allocated 1,629,633 of the

2,444,450 Units to be sold in the Offering.   Merriman assisted in the preparation and dissemination of the Offering Materials.   As an underwriter of the Offering, Merriman was responsible for ensuring the truthfulness and accuracy of the various statements contained in or incorporated by reference into the Offering Materials.

16.   Defendant Dawson James Securities, Inc. ("Dawson James") was a managing underwriter of the Company's Offering.  Dawson James was allotted 814,817 of the 2,444,450 Units to be sold. Dawson James assisted in the preparation and dissemination of the Offering Materials. As an underwriter of the Offering, Dawson James was responsible for ensuring the truthfulness and accuracy of the various statements contained in or incorporated by reference into the Offering Materials.  Dawson James maintains its principal executive offices in Boca Raton, Florida.

17.   Defendants Merriman and Dawson James are collectively referred to herein as the "Underwriter Defendants."

18.   Defendant Creason & Associates P.L.L.C. ("Creason" or "Auditor") is the Company's independent registered public accounting firm. Creason is and was responsible for auditing the Company's financial statements and accurately auditing the financial statements used in the Registration Statement and Prospectus for the Company's Offering. Creason was named with its consent as an expert in the Company's Offering.

## CLASS ACTION ALLEGATIONS

19.   Plaintiff brings this action as a class action on behalf of himself and on behalf of all purchasers of Chanticleer's Units issued pursuant to and/or traceable to the Company's Offering, including purchasers of Chanticleer during the Class Period, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class.   Excluded from the Class are defendants, Chanticleer, the officers and directors of the Company, at all relevant times,

members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest

20.     The members of the Class are so numerous that joinder of all members is impracticable.  Over 2.4 million units were sold in the Offering.  The precise number of the Class members is unknown to Plaintiff at this time but it is believed to be in the thousands.  Members of the Class may be identified from records maintained by Chanticleer or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

21.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

22.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

23.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a.   whether the provisions of the Securities Act were violated by defendants' acts as alleged herein;

b.   whether documents, including the  Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

c.   the extent to which members of the Class have sustained damages, and the proper measure of damages.

24.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

### DEFENDANTS' MISCONDUCT

25.    On June 19, 2012, Chanticleer filed with the SEC its amended registration statement and prospectus on Form S-1/A with the SEC.

26.    On June 20, 2012, the SEC declared the Registration Statement effective.

27.    The final Prospectus was filed with the SEC on June 21, 2012.

28.    In the Offering there were 2.44 million shares of Chanticleer Units that were sold at $4.50/share.  Proceeds from the Offering were $10.12 million.

29.    Chanticleer prominently touted the "successful launch" of its South African Hooters venture. Chanticleer stated that it would use the South African venture as a model.

30.    The Registration Statement and Prospectus included a letter from Defendant Creason, purporting to provide an audit opinion.  The Creason letter provided:

> We did not audit the financial statements of [Chanticleer's South African Operations], which statements reflect total assets and revenues constituting 72 percent and 66 percent, respectively, of the related consolidated totals. ***Those statements were audited by other auditors whose reports have been furnished to us***, and our opinion, insofar as it relates to the amounts included for the South African Operations, is based solely on the reports of the other auditors.
> [emphasis added].

31.    This statement was false and misleading.

32.    The financial statements of Chanticleer's South African Operations were not audited.

33.    On September 10, 2012, Chanticleer filed with the SEC a current report on Form

8-K.

34.     The current report provided in relevant part:

On September 7, 2012, the audit committee of Chanticleer Holdings, Inc. (the "Company"), upon recommendation of the Company's management determined that the Company's consolidated Financial Statements for its fiscal year ending December 31, 2011 and the interim unaudited financial statements for its fiscal quarters ending March 31, 2012 and June 30, 2012 could no longer be relied on. The Company determined that the audited financial statements of [the South African Operations] which are the South African management company and the four entities setup for the stores we operate in South Africa, *were not audited as the Company was led to believe. Mark Hezlett, the CFO and Director of our South Africa Operations, has resigned effective immediately*.

[emphasis added]

35.     This announcement was made on September 10, 2012—less than 3 months after the Offering. The NASDAQ quickly halted trading of Chanticleer's stock, rendering it nearly worthless.

**FIRST CLAIM**
**Violation of Section 11 of the Securities Act against All Defendants**

36.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

37.     Plaintiff purchased Chanticleer units pursuant to Chanticleer's Registration Statement.

38.     This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Chanticleer shares pursuant to or traceable to the Company's Offering.  Each Class Member acquired his, her, or its Units pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus. Chanticleer is the issuer of the securities through the Registration Statement and Prospectus.  The Individual Defendants are signatories of the Registration Statement and Prospectus.

39.     Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

40.     All Defendants owed to the purchasers of the Units obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

41.     None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

42.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above.  By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

43.     Chanticleer is the issuer of the Units sold via the Registration Statement and Prospectus.  As issuer of Units, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

44.     At the times they obtained their shares of Chanticleer, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

45.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

46.     By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

### SECOND CLAIM
### Violations of Section 12(a)(2) of the Securities Act
### Against Underwriter Defendants

47.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.  This claim is asserted against the Underwriter Defendants ("Second Claim Defendants").

48.     Plaintiff purchased Chanticleer units pursuant to Chanticleer's Prospectus.

49.     Section 12 Defendants were sellers, offerors and/or solicitors of sales of the shares offered pursuant to the Registration Statement.  The Registration Statement contained untrue statements of material fact and omitted other facts necessary to make the statements not misleading, and failed to disclose material facts, as set forth above.

50.     Plaintiff and the other Class members who purchased or otherwise acquired

shares pursuant to the materially untrue and misleading Prospectus did not know or, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Registration Statement.

51.     The Section 12 Defendants owed to Plaintiffs and the other Class members who purchased or otherwise acquired shares pursuant to the materially false and misleading Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus, to ensure such statements were true and that there was no omission of material fact necessary to prevent the statements contained therein from being misleading. The Section 12 Defendants did not make a reasonable investigation or possess reasonable grounds to believe that the statements contained in the Prospectus were true and without omissions of any material facts and were not misleading. By virtue of the conduct alleged herein, the Section 12 Defendants violated § 12(a)(2) of the Securities Act.

### THIRD CLAIM
#### Violations of Section 15 of the Securities Act
#### Against the Individual Defendants

52.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

53.     This claim is asserted against the Individual Defendants, each of whom was a control person of Chanticleer during the relevant time period.

54.     The Individual Defendants were control persons of Chanticleer by virtue of, among other things, their positions as senior officers and directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

55.     None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and

Prospectus were accurate and complete in all material respects.  Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

56.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after Chanticleer shares was sold to the Class in connection with the PO.

57.     By reason of the misconduct alleged herein, for which Chanticleer is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Chanticleer pursuant to Section 15 of the Securities Act.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a)  Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)  Awarding  damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)  Awarding  plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)  Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 12, 2012               Respectfully submitted,

                                      **THE ROSEN LAW FIRM, P.A.**

                                      By: /s/ Laurence Rosen
                                      Laurence Rosen, Esq.
                                      Fla. Bar No. 0182877
                                      Email: lrosen@rosenlegal.com
                                      275 Madison Avenue, 34th Floor
                                      New York, NY 10116
                                      Phone: (212) 686-1060
                                      Fax: (212) 202-3827

                                      Counsel for Plaintiff

F.A.O. Philip Kim

# CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the federal securities laws to recover damages and to seek other relief against Chanticleer Holdings, Inc. ("HOTR") and its current and former officers and directors and underwriters. The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable, only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the federal securities laws, that:

1.     I have reviewed the complaint against HOTR and certain of its officers and directors and authorize the filing thereof. I also retain the Rosen Law Firm, P.A. as counsel in this action for all purposes.

2.     I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.     I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.     The following is a list of all of the purchases and sales I have made in HOTR securities during the Class Period set forth in the complaint. I have made no transactions during the class period in the securities that are the subject of this lawsuit except those set forth below.

| Number       of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 5000 Units | 6/22/2012 | $4.48 | | $ |
| 3,500 Units | 6/22/2012 | $4.48 | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM: (212) 202-3827

5.      I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except: for the following company(ies):

6.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of October, 2012.

Signature: _____
Name:    Francis Howard
Address: ████████████████████████████

Item. 4 (continue from prior page if needed)

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |
|  |  | $ |  | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212) 202-3827          2
EMAIL TO INFO@ROSENLEGAL.COM
OR MAIL TO:
THE ROSEN LAW FIRM PA
275 MADISON AVENUE, 34TH FLOOR
NEW YORK, NY  10016