UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81123-CIV-COHN/SELTZER

FRANCIS HOWARD, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.

CHANTICLEER HOLDINGS, INC.,
MICHAEL D. PRUITT, ERIC S.
LEDERER, MICHAEL CARROLL,
PAUL I. MOSKOWITZ, KEITH
JOHNSON, MARK HEZLETT,
MERRIMAN CAPITAL, INC.,
DAWSON JAMES SECURITIES, INC.,
and CREASON & ASSOCIATES, P.L.L.C.,

    Defendants.
_____/

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING NOTICE TO SECURITIES HOLDERS, AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT

**THIS CAUSE** is before the Court upon the Stipulation and Agreement of Settlement [DE 61] ("Agreement") and Motion for Preliminary Approval of Proposed Class Action Settlement [DE 63] ("Motion"). The Court has carefully reviewed these filings and the entire record of this case and is otherwise fully advised in the premises.

Lead Plaintiff Francis Howard and named Plaintiff Ja'Marr Comer (together, "Lead Plaintiffs" or "Plaintiffs"); Defendants Chanticleer Holdings, Inc., Michael D. Pruitt, Eric S. Lederer, Michael Carroll, Paul I. Moskowitz, and Keith Johnson (collectively, "Defendants"); and others have entered into the Agreement, which would settle all

claims made in this Securities Class Action.[1]  Further, Lead Plaintiffs and Defendants have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Agreement and providing for notice to the class.  The Court has read and considered the Agreement and Exhibits thereto, including the proposed Notice of Pendency and Proposed Settlement of Class Action [DE 61-3] ("Notice"), Summary Notice of Class Action Settlement [DE 61-5] ("Publication Notice"), and Proof of Claim and Release [DE 61-1] ("Claim Form"), and finds that substantial and sufficient grounds exist for entering this Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Motion for Preliminary Approval of Proposed Class Action Settlement [DE 63] is **GRANTED**.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this litigation is preliminarily certified as a class action on behalf of all persons who purchased who purchased Chanticleer securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Chanticleer's June 21, 2012, public offering or (ii) on the open market between June 21, 2012, and February 19, 2013, inclusive.  Excluded from the class are all named Defendants and all individuals who were officers and directors of Chanticleer or Creason on or before February 19, 2013; members of the immediate families of each; legal representatives, heirs, successors, or assigns of each; and any entity in which any named Defendant has or had a controlling interest.

---

[1] Except as otherwise specified, this Order adopts the capitalized terms defined in the Agreement.

3. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable, (b) there are questions of law and fact common to each member of the Class, (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent, (d) Lead Plaintiffs will fairly and adequately represent the interests of the Class, (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs Francis Howard and Ja'Marr Comer are certified as the class representatives on behalf of the Class, and Plaintiffs' Counsel previously appointed by the Court is appointed as Lead Counsel for the Class.

5. The Fairness Hearing shall be held before this Court on **August 14, 2014, at 9:30 a.m.,** in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether to finally certify the Settlement Class; whether a Final Judgment as provided in the Agreement should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Fairness Hearing without further notice to Members of the Class.

6. The Court preliminarily **APPROVES** the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate as to the members of the Class, subject to further consideration at the Fairness Hearing.

7. The Court approves the form, substance, and requirements of the Notice, Publication Notice, and Claim Form, all which are annexed to the Agreement.  The Court finds the proposed notice program comports with Due Process, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. The Court reserves the right to enter its Final Judgment approving the Settlement and dismissing the claims against Defendants and the other Released Parties with prejudice regardless of whether it has awarded attorneys' fees and litigation expenses.

9. The Court appoints the accounting and claims administration firm Strategic Claims Services as Settlement Administrator to administer the Settlement and disseminate the Notice to the Class.

10. Lead Counsel are authorized allocate up to fifty thousand ($50,000.00) of the Qualified Settlement Fund as Notice and Administrative Expenses (as defined and provided for in the Agreement) to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses.  After the Settlement if Final, additional amounts may be transferred from the Qualified Settlement Fund to pay Notice and Administrative Expenses without further Order of the Court in accordance with the Agreement.

11. Lead Counsel shall cause the Notice and Claim Form substantially in the forms annexed to the Agreement as Exhibits A and C to be sent by first-class mail, postage prepaid, by no later than **May 15, 2014,** to all potential Class Members who can be identified with reasonable effort by Lead Counsel.

12. The parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, and Defendants shall use reasonable efforts to cause or arrange for Chanticleer's transfer agent to provide to the Settlement Administrator, by no later than **May 5, 2014,** records concerning the identity of potential Class Members and their transactions (consisting of shareholder names and addresses).  Lead Counsel shall, by no later than **July 10, 2014,** file with the Court proof of mailing of the Notice and Claim Form.

13. Lead Counsel or their designated agent shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Chanticleer common stock during the class period.  Such nominee purchasers are directed to mail copies of the Notice and Claim Form to the beneficial owners or to provide the Settlement Administrator with lists of the names and addresses of the beneficial owners within seven (7) days after receipt of the Notice, and the Settlement Administrator is ordered to send the Notice and Claim Form promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Qualified Settlement Fund, upon receipt by the Settlement Administrator of proper documentation, for the reasonable expense of sending the Notice and Claim Form to beneficial owners.

14.     Lead Counsel shall cause the Publication Notice to be published electronically on GlobeNewswire by no later than **May 15, 2014.**  Lead Counsel shall, by no later than **July 10, 2014,** file with the Court proof of publication of the Publication Notice.

15.     Lead Counsel shall cause the Settlement Administrator to post this Order on its website forthwith, along with the Agreement and the exhibits thereto, by no later than **April 30, 2014.**

16.     Lead Counsel and the Settlement Administrator and their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes due and owing to be paid from the Escrow Account without further Order of the Court.

17.     Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Net Cash Settlement Amount must complete and submit a properly executed Claim Form in accordance with the instructions contained therein.  Each Claim Form must be submitted to the Settlement Administrator, at the Post Office Box indicated in the Notice, postmarked by no later than **July 24, 2014.** Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept a late Claim Form for processing provided such acceptance does not delay the distribution of the Net Cash Settlement Amount to the Class.  In order to be entitled to participate in recovery from the Net Cash Settlement Amount, as defined in the Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following action and be subject to the following conditions:

a. Any Claim Form that is submitted must be (i) properly completed, signed, and submitted in a timely manner in accordance with the provisions of the Notice and the preceding paragraph; (ii) accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transaction information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Settlement Administrator; (iii) complete and contain no material deletions or modifications of any of the printed matter contained therein; and (iv) signed under penalty of perjury.

b. A Claim Form received by the Settlement Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **July 24, 2014,** is indicated on the envelope and is mailed First Class, and addressed in accordance with the Claim Form instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator.

c. Once the Settlement Administrator has considered a timely submitted Claim Form, Lead Counsel, through the Settlement Administrator, shall determine, based upon the Plan of Allocation of the Net Cash Settlement Amount, whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Settlement Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Claim Form

    that is deficient or otherwise rejected shall be afforded a reasonable time to cure such deficiency if it shall appear that such deficiency may be cured.

    d. As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

  18. Class Members shall be bound by all applicable determinations and judgments in this Securities Class Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such exclusion request shall mail the request in written form by first-class mail to the address designated in the Individual Notice, such that it is postmarked by no later than **July 24, 2014**.  Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion and that the sender requests to be excluded from the Class in the class action styled <u>Howard v. Chanticleer Holdings, Inc., et al.</u>, Case No. 12-cv-81123-COHN/SELTZER (S.D. Fla.), and must be signed by such person.  Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Chanticleer securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Chanticleer's June 21, 2012, public offering or (ii) on the open market between June 21, 2012, and February 19, 2013, inclusive.  Additionally, such persons seeking exclusion must list all sales of Chanticleer securities after February 19, 2013, if such securities were purchased between June 21, 2012, and February 19, 2013.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19. Any Class Member that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Qualified Settlement Fund as described in the Agreement and Notice.

20. Any Class Member may object to the Settlement by mailing a signed letter to the Court that clearly indicates the Class Member's name, address, telephone number, and e-mail address.  The letter must state the Class Member's objections, the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention, and documents sufficient to prove membership in the Class.  This information should specify all purchases of relevant Chanticleer securities during the Class Period, including the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale.  The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are (i) filed with the Clerk of the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, showing due proof of service upon counsel identified below; and (ii) mailed to each of the following counsel, postmarked by no later than **July 24, 2014**:

**Lead Counsel Designee**

Laurence M. Rosen, Esq.
The Rosen Law Firm
275 Madison Avenue, 34th Floor
New York, NY  10016

**Defendant Chanticleer's Counsel Designee**

Stanley H. Wakshlag, Esq.
Kenny Nachwalter P.A.

1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131

**Defendant Creason & Associates Counsel Designee**

Mark D. Hunter, Esq.
Hunter Taubman Weiss LLP
255 University Drive
Coral Gables, FL  33134

Attendance at the Fairness Hearing is not required.  Persons wishing to be heard orally at the Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees or award of expenses are required to indicate in their written objection that they intend to appear at the Fairness Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for award of attorneys' fees and expenses and who desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the attorneys' fees and reimbursement of litigation expenses requested.

22. All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served by no later than **July 10, 2014**.  Any reply papers in further support of the Settlement, the Plan of

Allocation, and the application for attorneys' fees or expenses, shall be filed and served no later than **August 7, 2014**.

23.     The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Fairness Hearing, or any adjournment thereof, and to approve the Agreement with modifications approved by the parties to the Agreement and without further notice to Class Members.

24.     Defendants, Defendants' Counsel, and the Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.     Neither the Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiffs of any lack of merit to the claims asserted in the Securities Class Action, or by Defendants of the truth of any of the allegations in the Securities Class Action.

26.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person to participate in the distribution of the Net Cash Settlement Amount shall be under the authority of this Court.

27.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Agreement is approved.  No person that is not a Class Member or Lead Counsel shall have any right to any portion

of or any rights in the distribution of the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Agreement.

28. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further Order of the Court.

29. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiffs' Claims against any Releasees.

30. The Court retains exclusive jurisdiction over the Securities Class Action to consider all further matters arising out of or connected with the Settlement.

31. Unless and until otherwise ordered by the Court, all proceedings in this Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement, are hereby **STAYED**. Further, in view of the Settlement, the May 8, 2014, calendar call, and the May 12, 2014, trial date are **CANCELLED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of April, 2014.

_James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF